# IN THE COURT OF APPEALS OF IOWA

No. 16-0871
Filed May 17, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**DREW WEEHLER-SMITH,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

　　　　The defendant appeals from the district court's denial of his petition to modify a restitution order. **AFFIRMED.**

　　　　Britt Gagne of Gagne Law Office, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

　　　　Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

While he was a juvenile, Drew Weehler-Smith was charged with murder in the first degree. He ultimately pled guilty to murder in the second degree, and the court ordered Weehler-Smith to pay $150,000 in restitution to the victim's family. *See* Iowa Code § 910.3B (2016) ("[T]he court shall . . . order the offender to pay at least one hundred fifty thousand dollars in restitution to the victim's estate."). Weehler-Smith later filed a petition to modify the restitution order, which the district court denied.

On appeal, Weehler-Smith maintains the imposition of $150,000 in restitution is excessive in violation of article I, section 17 of the Iowa Constitution as applied to him in these circumstances. Additionally, he claims ordering a juvenile defendant to pay $150,000 in restitution violates the cruel and unusual punishment clause of article I, section 17 of the Iowa Constitution. Finally, he claims the district court abused its discretion when it failed to consider imposing a lesser amount of restitution.[1]

**I. Standards of Review.**

"We review an allegedly unconstitutional sentence de novo." *Richardson*, 890 N.W.2d at 614.

---

[1] The State contends Weehler-Smith's appeal should be dismissed because even though the appeal was timely following the district court's rejection of his petition to modify pursuant to Iowa Code section 910.7, Weehler-Smith takes no issue with the district court's ruling. Rather, as the State claims, he is merely using "its existence as a spring-board with which to bring his illegal sentence claim." The State urges us to dismiss Weehler-Smith's claims so they can be brought under a motion to correct an illegal sentence and the record can be further developed.

Since this appeal was filed, our supreme court has decided two cases that dispose of Weehler-Smith's claims. *See State v. Richardson*, 890 N.W.2d 609 (Iowa 2017); *State v. Breeden*, 890 N.W.2d 632 (Iowa 2017). We do not believe a further development of the record is necessary, and in the name of judicial efficiency, we proceed to decide the merits of Weehler-Smith's claims.

**II. Discussion.**

**A. Excessive Restitution.**

The Iowa Supreme Court has determined that the restitution award under section 910.3B has "several punitive elements" and therefore should be considered a "fine" within the meaning of both the Eighth Amendment of the Federal Constitution and article I, section 17 of the Iowa Constitution. *See id.* at 621. We consider whether the $150,000 restitution was excessive as applied to Weehler-Smith in this case.

"[E]xcessive-fine analysis primarily focuses 'on the amount of the punishment as it relates to the particular circumstances of the offense.'" *Id.* at 625 (quoting *State v. Izzolena*, 609 N.W.2d 541, 551 (Iowa 2000)). "The 'fine' must bear some relationship to the gravity of the offense it is designed to punish." *Id.* at 625–26 (citations omitted). "The issue is whether 'the restitution [is] grossly disproportionate to the offense.'" *Id.* at 626 (alteration in original) (citation omitted).

Here, although Weehler-Smith had a history of substance abuse and was a minor at the time of the murder, he was also raised by a very supportive and stable family. Additionally, the offense—and his response to it—were very serious. *See Breeden*, 890 N.W.2d at 636 (considering the nature of the offense). While still in in high school, Weehler-Smith impregnated his girlfriend; he did not tell his parents about the child. When the child was approximately five months old, Weehler-Smith was left alone with him while the child's mother ran errands. During that period of time, Weehler-Smith got into a verbal argument with a friend and became angry. When the child would not stop crying, Weehler-

Smith shook the child "with enough pressure and force that [he] actually saw his head whipping back and forth." The child became quiet, and Weehler-Smith immediately realized he had hurt the child. Still, he did not call medical personnel or notify the child's mother; he left the child in the apartment and drove away. When the mother returned home, she found the child alone and unresponsive. The child was later pronounced dead at the hospital; an autopsy revealed the cause of death was "abusive head trauma."

Even after taking the defendant's age into consideration, we cannot say the restitution award is disproportionate to the gravity of the offense. *See, e.g.*, *Richardson*, 890 N.W.2d at 426 (considering the defendant's age, her history of substance abuse, and the facts that she had suffered a rape and had a difficult home life before determining the restitution award was not unconstitutionally excessive where the juvenile defendant had stabbed the victim as part of a plan to kill him for cash); *Breeden*, 890 N.W.2d at 635–36 (holding the $150,000 restitution award was not excessive where the juvenile defendant pled guilty to attempted murder; the defendant, who had a history of abuse, a troubled upbringing, and an abusive relationship with her codefendant, joined a deadly assault of the victim); *State v. Rohm*, 609 N.W.2d 504, 514 (Iowa 2000) (considering the defendant's reckless action of purchasing liquor to serve at a party hosted by her underage sons where one party attendee died of alcohol poisoning and determining the $150,000 restitution award was not excessive because of her serious—though passive—participation in the involuntary manslaughter).

**B. Cruel and Unusual.**

Weehler-Smith claims ordering a juvenile defendant to pay $150,000 in restitution violates the cruel and unusual punishment clause of article I, section 17 of the Iowa Constitution. In *Richardson*, our supreme court determined the mandatory restitution award of section 910.3B does not implicate the cruel and unusual punishment clause. 890 N.W.2d at 620 ("The text of article I, section 17—like that of the similarly worded Eighth Amendment—observes a distinction between punishment of a physical nature, such as confinement, and punitive financial measures. Therefore, we do not believe that Iowa Code section 910.3B restitution can amount to a 'cruel and unusual punishment.'"). Thus, we do not consider this claim further.

**C. Abuse of Discretion.**

Weehler-Smith claims the district court failed to exercise its discretion when it did not consider imposing a lesser amount of restitution. He maintains the recently enacted Iowa Code section 901.5(14)[2] confers discretion on the district court over what would otherwise be a mandatory restitution award under section 910.3B.

---

[2] This section provides:

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

Iowa Code § 901.5(14).

Our supreme court recently considered and rejected this argument. "Because Iowa Code section 910.5(14) does not apply to restitution under section 910.3B, the district court lacked statutory authority to reduce [the defendant's] payment to [the victim's] estate below $150,000." *Richardson*, 890 N.W.2d at 619.

We affirm the district court's denial of Weehler-Smith's petition to modify the restitution award.

**AFFIRMED.**